UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DOREEN BURNS,  ) Case No.:
 )
 Plaintiff,  )
 v.  )
 )
BLUESTEM BRANDS INC. D/B/A  ) JURY TRIAL DEMANDED
FINGERHUT,  )
 )
 Defendant.  )

# COMPLAINT

DOREEN BURNS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Michigan, thus, personal jurisdiction is established.

- 1 -

PLAINTIFF'S COMPLAINT

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.  Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.  Plaintiff is a natural person residing in Detroit, Michigan 48205.

7.  Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.  Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Plaintiff has only used this number as a cellular telephone.

12. Beginning in or around the summer of 2015 and continuing throught June 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. When contacting Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a delay or pause before speaking to Defendant's representatives.

15. Plaintiff told Defendant to stop calling her soon after the calls began in the summer of 2015, revoking any consent Defendant may have had to contact her on her cellular telephone.

16. Once Defendant was aware that its calls were unwanted and Plaintiff wanted her to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

17. However, Defendant continued to call through June 2017.

18. Defendant's telephone calls were not made for "emergency purposes."

19. It was frustrating, annoying and distressing for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone.

20. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

23. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system and/or pre-recorded voice.

24. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

25. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

26. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

27. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

PLAINTIFF'S COMPLAINT

28. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

29. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOREEN BURNS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

PLAINTIFF'S COMPLAINT

b.  Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOREEN BURNS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: September 8, 2017          By: /s/ Amy L. Bennecoff Ginsburg

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

- 6 -

PLAINTIFF'S COMPLAINT